## Gordon Stewart v. Robert Smith, Warden

[274 A.2d 504]

No. 142-69

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Larrow, Supr. J.

Opinion Filed February 9, 1971

*William M. McCarty, Jr.,* Brattleboro, for Plaintiff.

*Frank G. Mahady,* State's Attorney, for the State.

**Barney, J.** In response to a petition from the respondent, the Windsor County Court set aside the original sentence imposed on conviction of a violation of 18 V.S.A. § 4224(d), a felony. That sentence called for a term of 15 to 19 months in the house of correction, and a $2000 fine, or an additional 2000 days in lieu thereof. The county court ruled that the sentence was in excess of the maximum permitted by law, and ordered resentencing. The original sentence was imposed July 16, 1969. On October 9, 1969, the respondent was re-sentenced, by a different judge, to a term in the state's prison of 23 to 24 months, with a credit against both the maximum and minimum terms of the time served from the commitment on the first sentence to the imposition of the new sentence. This sentence runs consecutively with the sentence for parole violation presently being served, which, at the time of resentencing, had about 24 months to run.

It is, as the respondent points out, a violation of the Fifth Amendment guarantee against double jeopardy to fail to give credit for punishment already endured. *North Carolina* v. *Pearce,* 395 U.S. 711, 718, 23 L.Ed.2d 656, 665, 89 S.Ct. 2072 (1969). In this case, the record of the proceeding shows that the required credit was given.

However, to prevent this giving of credit from being an empty gesture, the *Pearce* case also requires that there be no increase in the penalty on resentencing, unless the judge's reasons affirmatively appear. There is no constitutional barrier against an increase in a sentence; but it must be based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing, and not on retaliatory or vindictive motivations. *North Carolina* v. *Pearce, supra,* 395 U.S. at 725–26. An appellant cannot, therefore, be penalized for exercising his right to seek review of procedures involved in his conviction and sentencing.

However, here, the respondent's contention is based on a faulty premise. As he stated himself at the time of his

resentencing, his first sentence carried a maximum possibility of seven years. The resentencing reduced that maximum to 24 months, which was further reduced by the credit for time served. The ground for attacking the first sentence was that it exceeded the statutory limit for the offense of two years of imprisonment. Since the present sentence does not, it is not, certainly, an increase.

*Judgment affirmed.*

**Larrow, Supr. J.,** (dissenting) The original sentence imposed in this case was in the conjunctive. It consisted of a prison sentence less than the statutory maximum, coupled with the maximum $2000 statutory fine and 2000 day imprisonment for non-payment thereof. The latter provision, in light of the admitted indigency of the respondent, clearly brought the case within the purview of *Williams* v. *Illinois,* 399 U.S. 235, 90 S.Ct. 2018 (1970). Although that case had not then been decided, the remand from Windsor County Court for re-sentencing was based upon decisions in the lower Federal courts anticipatory of its result.

The resentencing, conducted by another judge after the original trial judge had disqualified himself, increased both the minimum and maximum terms of the prison sentence imposed. The net effect is that this respondent, after the striking of the unconstitutional portion of his original sentence, is now confronted with an effective prison term of greater length.

Cogent reasons for this increase may well exist, but they do not appear from the record. The imposition of what is substantially a maximum permissible sentence, coupled with a disqualification explainable only by a feeling of personal involvement, in my view gives rise to an inference, however rebuttable, of retaliatory policy toward this respondent for having invoked the statutory remedy for vacating his original sentence.

Absent a record "to assure the absence of such a motivation" I would remand for resentence, upon the authority of *North Carolina* v. *Pearce,* 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072 (1969).